FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ADAN MERCADO, a/k/a Adan Mercado Montano (1),<br><br>　　　　　　Defendant. | NO: 2:17-CR-174-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT, without oral argument, is Defendant Adan Mercado's Motion to Reduce Sentence, ECF No. 78. Having reviewed Defendant's motion, the responses to the motion, the record, and relevant law, the Court is fully informed.[1] After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States

---

[1] Defendant proceeded *pro se* for the instant motion and separately moved for appointment of counsel. ECF Nos. 78, 79. In February 2022, the magistrate judge appointed counsel from the Criminal Justice Act panel to assist Defendant with his motion for compassionate release. ECF No. 87. Defendant, through counsel, filed a reply memorandum in April 2022 and the Government filed a sur-reply. ECF Nos. 102, 104.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

Sentencing Commission, the Court finds that compassionate release is not warranted given the facts of this case.

## BACKGROUND

In November 2018, this Court sentenced Defendant to 120 months of incarceration and five years of supervised release for a conviction of Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine. ECF No. 72; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

Defendant is incarcerated at a Federal Correction Institute ("FCI") in Sheridan, Oregon. ECF No. 78 at 3. His projected release date is April 18, 2026.[2]

Mr. Mercado is forty-four years old. ECF No. 69 at 2. Defendant contends that his medical conditions, including high blood pressure, obesity, and diabetes, make him more "vulnerabl[e]" to the COVID-19 virus and constitute "extraordinary and compelling grounds" to grant him a sentence reduction. ECF No. 78 at 3. He also argues that he has "served a large portion of his sentence" and that he "has been a model inmate with no history of violence." ECF No. 102 at 8–9.

Defendant seeks to convert his remaining custodial sentence into a term of supervised release with a home confinement condition. ECF No. 78 at 4.

/ / /

---

[2] *See* Federal Bureau of Prisons, Find an Inmate (June 6, 2022), https://www.bop.gov/inmateloc/ (Register No. 20681-085).

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a), to the extent that they are applicable, and upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The U.S. Sentencing Commission has issued a policy statement recognizing the following circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>     (i) The Defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>     (ii) The defendant is—
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

years or 75 percent of his or her term of imprisonment, whichever is less.
(C) Family Circumstances—
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1. Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[3] The policy statements in USSG § 1B1.13 "may inform a district court's discretion for [considering compassionate release] motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the Bureau of Prisons ("BOP"). Following the enactment of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a federal prisoner may move on his or her own behalf for a sentence reduction after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A).

---

[3] The Court takes judicial notice that as of the date of this Order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the U.S. Sentencing Guidelines Manual.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

## DISCUSSION

<u>Exhaustion</u>

Compassionate release is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty days from the warden's receipt of the defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Mr. Mercado asserts that he made a request to his warden for compassionate release on October 21, 2021, which was denied. ECF Nos. 78 at 1, 102 at 4. The Government agrees that Defendant appears to have "exhausted his administrative remedies" for purposes of the instant motion. ECF No. 101 at 3 n.1. Accordingly, the Court finds that Mr. Mercado's motion is ripe for review and will address the merits of his request.

<u>Extraordinary and Compelling Circumstances</u>

To be eligible for release, Defendant must demonstrate that "extraordinary and compelling" circumstances justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the United States Sentencing Commission directs courts to consider. USSG § 1B1.13.

Defendant asserts that he is obese and has diabetes and high blood pressure. ECF No. 78 at 4. The Government counters that "Defendant has neither been diagnosed with, nor suffers from, high blood pressure, obesity, or diabetes." ECF

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

No. 101 at 2–3.  The Government also notes that Defendant has received three doses of the Moderna COVID-19 vaccine.  *Id.* at 3; *see also* ECF Nos. 104 at 4, 109.

In reply, Defendant submits medical records to demonstrate that his Body Mass Index ("BMI") is 31.6, placing him in the Obese BMI category.  ECF Nos. 102 at 5–6, 102-1, 102-2.[4]  Defendant argues that his BMI "makes him more susceptible to contract the [COVID-19] virus and more likely to suffer ill effects, including death."  ECF No. 102 at 6.  For support, he submits a report from the Center for Disease Control and Prevention ("CDC") discussing how obesity increases the risk for severe COVID-19-related illness.  ECF No. 102-3.  However, Defendant submits no further evidence to support his asserted medical conditions of high blood pressure and diabetes.  Accordingly, Defendant's only supported claims are that "his elevated [BMI] coupled with the COVID-19 pandemic make him more susceptible to serious health issues and possibly death."  ECF No. 102 at 8.

As one district court observed, "[g]rants of compassionate release based on obesity alone appear to be exceedingly rare."  *United States v. Ruiz*, No. 19-cr-

---

[4] BMI is calculated by multiplying an individual's weight (in pounds) by 703, and then dividing that total by the individual's square height (in inches).  The BMI categories are as follows: Underweight (BMI less than 18.5), Normal (BMI of 18.5–24.9), Overweight, (BMI of 25.0–29.9), and Obese (BMI greater than 30.0).  ECF No. 102-1.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6

1285-GPC, 2021 WL 1085715, at *4 (S.D. Cal. Mar. 22, 2021).  In *Ruiz*, the court determined that the defendant's "slightly elevated BMI of 31.3" did not qualify "as an extraordinary and compelling reason justifying his compassionate release." *Id.* at *5.  For support, the Court noted that (1) the risk of suffering from severe illness due to COVID-19 was much higher for BMIs approaching 40, (2) "BMI is an inherently imprecise and inaccurate measurement[,]" and (3) marginal obesity is common for a large portion of the U.S. population. *Id.*  Here too, Defendant's own submissions to a CDC report show that "[a]ssociations with risk for hospitalization and death were pronounced . . . for patients in the highest BMI category [above 45] compared with patients with healthy weights." ECF No. 102-3 at 3.

Defendant's only evidence regarding his own medical history is that his BMI is 31.6.  ECF No. 102-2 at 2.  He demonstrates no other evidence of medical complications or conditions that otherwise place him at an increased risk should he contract COVID-19.  Nor does he suggest how he would be better protected from contracting COVID-19 outside of prison.  Additionally, the Court notes that, as of February 2022, Defendant has received both doses of the COVID-19 vaccine and a booster vaccination, significantly mitigating the risk of contracting the virus.  ECF Nos. 104 at 4, 109 at 2.  Accordingly, the Court finds that Defendant cannot demonstrate an extraordinary and compelling reason for compassionate release based on his obesity.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7

At the time of filing his motion, Defendant noted that he was dealing with a COVID-19 outbreak at the prison. ECF No. 78 at 1. The Court does not accept that the existence of COVID-19 in a BOP facility qualifies as a basis for releasing the inmates of that facility. Nor does the Court find that COVID-19 in and of itself is an extraordinary and compelling reason to warrant a compassionate release under 18 U.S.C. § 3582(c), because COVID-19 affects nonincarcerated individuals as well as incarcerated ones. Therefore, the Court does not find any extraordinary or compelling reason particular to Defendant to support compassionate release.

Section 3553(a) Factors

The Court next examines whether the 18 U.S.C. § 3553(a) factors support Defendant's instant motion. Some of the §3553(a) factors include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence, among other reasons; and (3) the kinds of sentences available.

Defendant's instant conviction is for drug possession with intent to distribute 50 grams or more of pure methamphetamine. Defendant's relevant conduct involved trafficking large amounts of methamphetamine and heroin, as well as possessing and trafficking in firearms. After being arrested, officers seized nearly 480 grams of heroin and nearly 375 grams of methamphetamine from Defendant's residence and vehicle. ECF No. 69 at 11. The high quantity of drugs in Defendant's

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

possession, in combination with an agent's observation that Defendant was referred to as "el Hefe" by his associates, suggested that he was "someone in authority" in a larger drug trafficking organization. *Id.* at 12.  A confidential informant also stated that they observed Defendant direct his men to assault the co-defendant in the instant matter, "due to a drug debt owed to [Defendant.]" *Id.*

The Court is not persuaded by Defendant's argument that his completion of less than half of his term of incarceration amounts to an adequate safeguard against future crimes by the Defendant. *See* 18 U.S.C. § 3553(a)(2)(C).  Moreover, Defendant's arrest for possession of cocaine and a firearm approximately one year prior to committing the instant offense shows that his earlier criminal history did not adequately deter criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).  Lastly, the violence associated with Defendant's conduct presents a risk of danger to others in the community. *See* 18 U.S.C. § 3142(g).  Therefore, the Court concludes that the Section 3553(a) factors weigh against granting Defendant compassionate release under the circumstances presented in his motion.

Having considered all of the relevant, albeit non-binding, factors listed in USSG § 1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant has not demonstrated extraordinary and compelling circumstances warranting compassionate release.  Accordingly, **IT IS HEREBY ODERED** that Defendant's Motion to Reduce Sentence, **ECF No. 78**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** June 14, 2022.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              Senior United States District Judge